UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN M. BOLTZ-RUBINSTEIN,<br><br>Plaintiffs,<br><br>v<br><br>BANK OF AMERICA, N.A.<br>100 North Tryon Street<br>Charlotte, NC 28255<br><br>CHAD M. ANDERSON<br>650 Shade Avenue<br>Pittsburgh, PA 15202<br><br>YVONNE W. CHAN<br>39 Garfield Rd<br>Concord, MA 01742<br><br>JAMES W. MCGARRY<br>14 Putnam St,<br>Charlestown, MA 02129<br><br>HENRY F. REICHNER<br>4 Tohopeka Ln<br>Philadelphia, PA 19118<br><br>DAVID A. CASALE<br>416 Division Avenue<br>Pittsburgh, PA 15202<br><br>Defendants. | **COMPLAINT FOR FRAUDULENT MISREPRESENTATION AND DAMAGES**<br><br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. This is a civil action for damages resulting from fraudulent misrepresentation by Bank of America, N.A., Chad M. Anderson, Yvonne W. Chan, James W. McGarry, Henry F. Reichner, and David A. Casale, in the context of appellate mediation ordered by the Third Circuit.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under principles of pendent jurisdiction.

3.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because all of the events giving rise to the claims herein occurred in the Eastern District of Pennsylvania.

## III.     THE PARTIES

4.     Plaintiff, Susan M. Boltz-Rubinstein is a natural person residing at 3444 Wiltshire Road, Furlong, PA 18925.

5.     Defendant Bank of America Corporation, N.A. ("Bank of America"; "BANA") is a Delaware Corporation, a Bank holding company, and a financial holding company. Its principal executive offices are located at 100 N. Tyron Street, Charlotte, North Carolina.

6.     Defendant Chad M. Anderson (Anderson) is a natural person residing at 650 Shade Ave Pittsburgh PA 15202. He resides under a mile away from Defendant Casale.

7.     Defendant Yvonne W. Chan (Chan) is a natural person residing at 39 Garfield Rd, Concord, MA 01742-4930. She is also an attorney licensed to practice law in the state of Massachusetts. At all relevant times, she was a junior partner at the Goodwin law firm.

8.     Defendant James W. McGarry (McGarry) is a natural person residing at 14 Putnam Street, Charlestown, MA 02129-3816. He is also an attorney licensed to practice law in the state of Massachusetts. At all relevant times, he was a senior partner at the Goodwin law firm with self- described "direct contact with Bank of America."

9. Defendant Henry F. Reichner (Reichner) is a natural person residing at 4 Tohopeka Ln Philadelphia, PA 19118-3825. He is also an attorney licensed to practice law in the state of Pennsylvania. At all relevant times, he was a senior partner at the Reed Smith law firm acting as appellate counsel.

10. Defendant David A. Casale (Casale) is a natural person residing at 416 Division Avenue, Pittsburgh, PA 15202-3609. He is also an attorney licensed to practice law in the state of Pennsylvania. At all relevant times, he was a staff attorney acting as "lead counsel" on behalf of the Reed Smith law firm in reference to Plaintiff's Chapter 13. He resides under a mile away from Defendant Anderson.

**IV.    STATEMENT OF FACTS COMMON TO ALL CLAIMS**

11. In Third Circuit Appeal No. 21-1232, involving corporate entity Bank of America and Plaintiff, the Third Circuit ordered appellate mediation via a March 29, 2021 "Notice of Assignment" letter from Chief Mediator Joseph A. Torregrossa which directed that "In the case of corporate entities, the corporate official with settlement authority is required to participate." Attached hereto as Exhibit A. The appeal followed adversary trial testimony elicited by Eastern District of Pennsylvania Bankruptcy Judge Eric Frank after he took over questioning from Defendant Chan of a BNYM Corporate witness. The questioning by Judge Frank, attached as Exhibit B, revealed, *inter alia*, that Bank of America had filed a fraudulent proof of claim in Plaintiff's Chapter 13.

12. Counsel for Bank of America strongly objected to the Third Circuit ordered appellate mediation. When said objections failed, on April 20, 2021 counsel for Bank of America (Defendant McGarry, the Goodwin senior partner acting as lead counsel on the litigation with self-described direct Bank of America contact, and Defendant Chan, junior partner to Defendant McGarry)

3

identified "Chad Anderson" as the corporate official from Bank of America who would appear at the Third Circuit mediation.

13. Bank of America, through Counsel, presented Chad M. Anderson as a Bank of America Corporate Official with settlement authority. Defendant Bank of America has been presenting Defendant Anderson as a BANA employee in roughly one thousand court proceedings nationwide to testify to the validity of internal BANA documents and procedures despite the fact that he had never been an employee of BANA, but rather essentially a rent-a-witness called in to testify falsely when bona fide Bank employees with internal Compliance oversight would not/could not do so.

14. Plaintiff and her undersigned counsel requested a brief adjournment of the mediation in order to confirm Defendant Anderson's role vis-a-vis Bank of America. In response, Defendant Reichner made representations to Plaintiff and the appellate mediator, in support of Defendant Anderson's status as a Bank of America employee as well as a Bank of America Corporate Official, and refused to consent to an adjournment.

15. These representations by Defendant Reichner were statements of material fact, not mere opinion or "puffery."

16. In response to the Third Circuit mediation order, at the scheduled mediation on or about May 13, 2021, Defendant Chad M. Anderson made representations to Plaintiff and the appellate mediator, specifically that he was an employee of Bank of America and that he was "a corporate official with settlement authority" as required by the Third Circuit mediation order. Attached hereto as Exhibit A.

17. These representations by Defendant Chad M. Anderson were statements of material fact, not mere opinion or "puffery."

4

18. In response to the Third Circuit mediation order, at the scheduled mediation on about May 13, 2021, Defendant Yvonne W. Chan, acting at the direction of Defendant McGarry, her senior partner with direct Bank of America contact, made a representation to Plaintiff and the appellate mediator, that Defendant Chad M. Anderson was an employee of Bank of America and that he was "a corporate official with settlement authority" as required by the Third Circuit mediation order.

18. These representations by Defendant Yvonne W. Chan were statements of material fact, not mere opinion or "puffery."

19. In reference to the alleged veracity of the statements made by Defendant Chan and Defendant Anderson, the mediator stated that he "trusted" that Defendant Chan's representations were truthful and accurate.

20. The representations made by Defendant Anderson and Defendant Chan were false. The truth was that Defendant Anderson was not authentically who he, Defendant Reichner and Defendant Chan falsely represented that Defendant Anderson was i.e., a Bank of America employee and a Bank of America "Corporate Official."

***Defendant Anderson was not a Bank of America employee or a Bank of America Corporate Official***

21. In fact, Defendant Anderson was not even a Bank of America employee. In search of employment history information for Chad M. Anderson, seasoned investigators "did thorough searches for employment history [in the "most robust public and proprietary records database" from over "10,000 sources" including "credit report agencies, workplace reporting agencies, housing and economic agencies, and law enforcement and civil agencies"] for Chad M. Anderson using his social security number and other PII, but were unable to locate any reported (either third-party, credit, or self-reported) data regarding Mr. Anderson's employment. Notably, while they found no such information for Chad M. Anderson, when investigators searched for confirmed

Bank of America employees, including "Mortgage Resolution Associates," those searches produced results listing those individuals as employed at Bank of America. Passant report, p. 5. Attached hereto as Exhibit F.

22.     Moreover, Defendant Anderson "testified in the *Donnah Nickerson-Reti v. Bank of America, N.A.* matter in 2016 that he reported to Kim Martinez. Kim Martinez self-reports on Linkedin as Manager of Vendor Services at Bank of America from 2012 to the present. However, like with Mr. Anderson, no reported employment data was found in our records database for Ms. Martinez." Attached hereto as Exhibit F.

23.     Defendant Anderson holds a degree in "the administration of justice." Attached hereto as Exhibit C.

24.     Defendant Anderson held a series of short-term, low-level, paralegal assignments prior to the alleged inception of Defendant Anderson's testifying on behalf of Bank of America. *Donnah Nickerson-Reti v. Bank of America, N.A.* transcript, see throughout, including pages 32-35, Attached hereto as Exhibit D.

25.     Defendant Anderson's sworn testimony indicates that in September of 2011 Defendant Anderson started working with a team of foreclosure attorneys and, shortly thereafter, in July 2012 began testifying on behalf of Bank of America. *Donnah Nickerson-Reti v. Bank of America, N.A.* transcript, see throughout, including pages 7-10, Attached hereto as Exhibit D.

26.     By June of 2019, Chad M. Anderson swore under oath that he had testified on behalf of Bank of America in over one thousand (1,000) proceedings in the subsequent seven (7) years since 2012. (See *State of Minnesota v. Hassan Abdullah Ali* transcript enclosed, pp. 43-44). That's an average of 142 times a year. Attached hereto as Exhibit E.

***Defendant Anderson was essentially a paid actor who provided scripted false testimony on behalf of Bank of America in certain cases.***

***Sampling of Prior Fraudulent Misrepresentations of Defendant Anderson Under Oath***

27. Although a self-described "Mortgage Resolution Associate," Defendant Anderson's false representations/testimony on behalf of Bank of America in a Minnesota criminal trial led to the conviction of a criminal defendant in *State of Minnesota v. Hassan Abdullah Ali*, 27-CR-17-19298. Mr. Ali, an indigent Somali defendant, not only required an interpreter, but as the court noted, slept through much of the trial. He was convicted based on layered false testimony of Defendant Anderson who testified not only that he works for Bank of America, but also that he:

    a. is a Bank of America "Records Custodian" (p. 77) without explaining how his prior testimony that he routinely reviews mortgage documents on cases on his laptop within a document management portal somehow equates with his being a "records custodian" (*Donnah Nickerson-Reti v. Bank of America, N.A.* transcript, see throughout, including pages 11, 101, 166-168. Attached hereto as D.) Nor did Defendant Anderson reconcile how he could be a "records custodian" with his testimony in June of 2019 indicating that he testifies on an average of 142 times a year. (See *State of Minnesota v. Hassan Abdullah Ali* transcript attached, pp. 43-44, Attached hereto as E.)

    b. is a Bank of America "Assistant Vice President" (See *State of Minnesota v. Hassan Abdullah Ali* transcript enclosed, pp. 43-44 Attached hereto as E. although, as a paralegal holding a degree in "the administration of justice," see Passant Report, p. 4, and related attachments, he lacks a "bachelor's degree in finance, accounting, or business administration" as required by Bank of America for that role.

    c. is a Bank of America "Case Resolution Associate" (Id., p. 43) thereby departing from his routine testimony of being a "Mortgage Resolution Associate," thereby making his role appear more plausible to the court and the jury in the *Hassan Abdullah Ali* criminal trial.

    d. reviews ATM photographs on a daily basis (Id., p. 44) despite the fact that, outside of this criminal trial, he has repeatedly identified himself as a "Mortgage Resolution Associate" and, as set forth above, testifies weekly.

28. At the time the May 13, 2021 representation was made, Defendants knew the

7

representations made by Defendants that Defendant Anderson was a Bank of America employee and a Bank of America "Corporate Official" were false.

29. Defendants made these false representations with the intention of inducing the Plaintiff to proceed with participation in a sham mediation in the Third Circuit.

30. Plaintiff did not know that the representations by Defendants were false and reasonably and justifiably relied on the Defendants' statement when deciding to proceed with the mediation.

31. When Defendants Yvonne W. Chan, James W. McGarry, Henry F. Reichner, and David A. Casale, made such false representations they did so outside the scope of their professional duties.

32. As a direct and proximate result of this reliance, Plaintiff suffered damages.

V.     CAUSE OF ACTION: FRAUDULENT MISREPRESENTATION

33. Plaintiff incorporates by reference all previous allegations as if fully set forth herein.

34. By making the false representations described above, Defendants engaged in fraudulent misrepresentations.

35. Defendants made material representations that were false, with knowledge of its falsity and intended that Plaintiff and the mediator rely on them.

36. Plaintiff justifiably relied on these misrepresentations.

37. As a proximate result of the Defendants' fraudulent conduct, Plaintiff suffered injury and damages.

VI.     DAMAGES

38. As a result of Defendants' fraudulent misrepresentations, Plaintiff has suffered actual damages to be proven at trial.

39. Defendants' actions were intentional, willful, and malicious, warranting an award of punitive damages to punish the Defendants and deter future similar conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for:

    a. Compensatory damages in excess of $200,000.

    b. Punitive and exemplary damages.

    c. Pre-judgment and post-judgment interest.

    d. Reasonable attorneys' fees and costs incurred in this action.

    e. Nominal damages in an amount determined by the Court or jury to acknowledge and vindicate the violation of Plaintiff's rights, in the event that actual damages are not proven or are minimal;

    f. Any and all other relief that this Court deems just and proper under the circumstances.

DATED: November 19, 2025                Respectfully submitted,

By: /s/ Eran Rubinstein
ERAN RUBINSTEIN
3444 Wiltshire Road
Furlong, PA 18925
eranrubinstein9@gmail.com
(267) 935-9685