**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN M. BOLTZ-RUBINSTEIN,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BANK OF AMERICA, N.A., et al.,** | : | **No. 25-CV-6533** |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                        **April 30, 2026**

Presently pending before the Court are Defendants Bank of America, N.A. ("Bank of America"), Diane A. Bettino, Yvonne A. Chan, and James W. McGarry's (collectively, "Defendants") Motion to Dismiss (ECF No. 38) and Plaintiff Susan M. Boltz-Rubenstein's Motion for Leave to Amend (ECF No. 42) and Proposed Second Amended Complaint (ECF No. 42-4). For the reasons set forth below, Defendants' Motion to Dismiss (ECF No. 38) will be **GRANTED** and Plaintiff's Motion for Leave to Amend (ECF No. 42) will be **DENIED**.

## I.    INTRODUCTION

The Court writes for the parties and assumes familiarity with the underlying facts. The instant lawsuit, and decision below, is the culmination of over *fifteen* years of litigation. Multiple Courts have offered salient summaries of the underlying dispute. This Court now endeavors to provide an exhaustive summary of this dispute from its inception to date.

### A. The 2010 and 2016 Bankruptcy Court Proceedings

In 2005, Plaintiff obtained two different mortgage loans, in her name only, to purchase her and her husband's home located at 3444 Wiltshire Road, Furlong, Pennsylvania (the "Property"). Unfortunately, in 2008 Plaintiff defaulted on both home loans. To avoid foreclosure, Plaintiff was

forced to file for bankruptcy.

Plaintiff initiated this dispute, in 2010 upon the filing of Chapter 13 bankruptcy Petition for the purpose of modifying her residential mortgage. ECF No. 29 ¶ 3; *In re Rubinstein*, BRC No. 10-16541-ELF. The bankruptcy court proceeding triggered an automatic stay, preventing creditors from making collections on Plaintiff's delinquent home loans. *In re Boltz-Rubinstein*, 2022 WL 444263, at *1 (3d Cir. 2022). Plaintiff filed a Chapter 13 Plan, proposing to pay the trustee $500.00 each month for 60 months. ECF Nos. 18, 27. After several amendments and objections were filed, U.S. Bankruptcy Judge Eric L. Frank confirmed the Plan as of January 10, 2012. *In re Rubinstein*, BRC No. 10-16541-ELF, ECF No. 187. Bank of America filed a proof of claim in the amount of $587,1186.56 on behalf of lender National Residential Assets Corp. ("NRAC"). *In re Rubinstein*, BRC No. 10-16541-ELF, ECF No. 258-2 at 2–3.

Some of Plaintiff's creditors sought relief from the automatic stay. *In re Rubinstein*, BRC No. 10-16541-ELF, ECF Nos. 31–32. In particular, the law firms of Hagens Berman Sobol Shapiro LLP ("Hagens") and McNaul Ebel Nawrot & Helgren PLLC ("McNaul") as well as NRAC sought exemption from the stay to continue to permit it to pursue its *in rem* rights in the Property. *Id.* Judge Frank exempted Hagens and NRAC from the automatic stay.[1] *In re Rubinstein*, BRC No. 10-16541-ELF, ECF Nos. 53, 293.

Thereafter, upon receiving debt collection letters from Bank of America regarding Plaintiff's unpaid real estate taxes that Bank of America had paid to the county in advance of modifying Plaintiff's mortgage loan as well as "Notice(s) of Mortgage Payment Change." *In re*

---

[1] Specifically, Judge Frank granted in part Hagens's Motion for Relief from the Automatic Stay, permitting the firms to pursue federal litigation against Plaintiff in lawsuits filed in both the U.S. District Court for the Western District of Washington as well as this Court. *In re Rubinstein*, BRC No. 10-16541-ELF, ECF No. 53.

*Rubinstein*, BRC No. 10-16541-ELF, ECF No. 20 at 1–4. On this basis, Plaintiff moved the bankruptcy court for relief in the form of damages against Bank of America for their attempts to collect from Plaintiff while the automatic stay remained in effect. *Id.* at 4. Plaintiff also filed a series of adversary complaints challenging the validity of Bank of America's assignment of Plaintiff's mortgage loans to NRAC and United Guaranty Residential Insurance Co. ("UGIC"). ECF Nos. 258–59.

In June 2016, the Trustee filed a Final Report and Account that stated the case was completed as of January 20, 2016. *In re Rubinstein*, BRC No. 10-16541-ELF, ECF No. 289. Judge Frank entered an Order of Discharge on September 15, 2016. *In re Rubinstein*, BRC No. 10-16541-ELF, ECF No. 306. The Order of Discharge specified that creditors "with a lien may enforce a claim against the debtor's property subject to that lien unless the lien was avoided or eliminated." *Id.* at 1. The bankruptcy court later entered an omnibus Order dismissed all but one of Plaintiff's adversary action claims against Bank of America. *Boltz-Rubinstein v. BAC Home Loan Servicing/Bank of America, N.A.*, BRC No.16-265, ECF No. 20; *Boltz-Rubinstein v. Bank of America, N.A.*, 16-362-ELF, ECF No. 48. Plaintiff's remaining adversary claim, for a violation of the automatic stay, against Bank of America proceeded to a brench trial before Judge Frank, ending in a decision in favor of Bank of America. *Boltz-Rubinstein v. BAC Home Loan Servicing/Bank of America, N.A.*, BRC No.16-265, ECF Nos. 193–94.

Plaintiff appealed to the U.S. District Court for the Eastern District of Pennsylvania. *Boltz-Rubinstein v. BAC Home Loan Servicing/Bank of America, N.A.*, BRC No.16-265, ECF No. 198. U.S. Senior District Judge Eduardo C. Robreno affirmed Judge Frank's decision finding for Bank of America. *Boltz-Rubinstein v. Bank of Am., N.A.*, 624 B.R. 756, 765 (E.D. Pa. 2021), *aff'd sub nom.*, *In re Boltz-Rubinstein*, No. 21-1232, 2022 WL 444263 (3d Cir. Feb. 14, 2022). Plaintiff

quickly exhausted her remaining appellate review to no avail.  The Third Circuit affirmed, *In re Boltz-Rubinstein*, 2022 WL 444263, at *3, and the Supreme Court denied Plaintiff a writ of certiorari.  *Boltz-Rubinstein v. Bank of Am., N.A.*, 14 S. Ct. 202 (2022).

Plaintiff, with her dance card full, determined the next course of action was to initiate *another* lawsuit to avoid foreclosure.  *See infra* at Part I(B).

**B.  The 2022 Lawsuit**

In 2022, just fifty-nine (59) days after the decision of the Supreme Court to deny certiorari was made, Plaintiff initiated another lawsuit.  This time, filing her Complaint in the U.S. District Court for the Eastern District of Pennsylvania.  *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 1.  Plaintiff, joined by her husband/attorney as a plaintiff in the action, Eran Rubinstein, named Bank of America, NRAC, The Bank of New York Mellon, Arch Capital Group (US) Inc., AIG, Ann M. Golio, J. Mark Swintek, Chad Anderson, and Does 1–100.  *Id.*  Plaintiffs' complaint concerned the same mortgage loans and Bank of America's subsequent assignment of the loans.  *See id.*  Plaintiffs brought causes of action against the defendants to the 2022 Lawsuit for quiet title and declaratory relief that Plaintiffs had exclusive possession of the Property as well as, claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1916, *et seq.* ("RICO"), civil conspiracy, and tampering with public records or information.  *See id.* ¶¶ 187–357.  Plaintiffs later amended their complaint. *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 42.  In July 2023, Judge Robreno dismissed Plaintiffs' Amended Complaint with prejudice, citing *res judicata* and describing the 2022 Lawsuit as a "reclothed claims that were previously dismissed by the bankruptcy court, this court, and the third circuit." *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 62 at 2 n.4.  Plaintiffs moved for reconsideration.  *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 63.  That Motion

was denied. *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 67. Plaintiffs then appealed the Third Circuit. *Rubinstein v. Bank of America, N.A.*, 22-cv-4774-ER, ECF No. 68. The Third Circuit affirmed Judge Robrenos' Order dismissing the Amended Complaint on April 30, 2025.

### C. The Instant Lawsuit

Later, in November 2025, Plaintiff Susan M. Boltz-Rubenstein initiated the *instant* lawsuit by filing *another* complaint against Defendants Bank of America, Chad M. Anderson, Yvonne W. Chan, James W. McGarry, Henry F. Reichner, and David A. Casale. ECF No. 1. Plaintiff brought just one claim for fraudulent misrepresentation against Defendants stemming from their alleged actions taken during the 2021 court-ordered mediation before the Third Circuit Court of Appeals. *Id.* ¶ 11. Plaintiff amended her complaint on February 11, 2026. ECF No. 29.[2] This time, dropping Anderson, Reichner, and Casale as defendants and naming additional defendant Diane Bettino— a managing partner of the law firm Reed Smith's Princeton, New Jersey office. *See id.* ¶¶ 25–29.

Plaintiff's Amended Complaint sets forth claims for (1) fraudulent misrepresentation; (2) Fraud on the Court; and (3) Aiding and Abetting Fraud on the Court. ECF No. 29 ¶¶ 47–66. In her Amended Complaint, Plaintiff alleges that the instant lawsuit arises from fraudulent conduct by Defendants during the course of a court-ordered mediation before the Third Circuit Court of Appeals. *See id.* ¶¶ 1–2.

However, Plaintiff's Amended Complaint continues to tell the same story: On August 3, 2010 Plaintiff filed for Chapter 13 bankruptcy. *Id.* ¶ 3; *see In re Boltz-Rubenstein*, Bky. No. 10-16541-ELF. Four months after Plaintiff filed her petition in the bankruptcy court, Bank of America

---

[2] The Court notes that the Amended Complaint was originally filed at ECF No. 28 but that it was re-filed the same day as "corrected to include Exhibits C-1 and C-2" and ECF No. 29. Accordingly, the Court will cite to ECF No. 29 when referring to the Amended Complaint.

assigned Plaintiff's mortgage loan to National Residential Assets Corp. *Id.* ¶ 4. The assignment was recorded in Bucks County, Pennsylvania about a month later. *Id.* ¶ 5. On March 11, 2011, proof of claim was filed on behalf of Bank of America Home Loan Servicing, naming National Residential Assets Corp. as the creditor. *Id.* ¶ 6.

In 2019, during trial proceedings for the Adversary Proceeding, Plaintiff alleges that a Bank of New York Mellon employee, Ann Golio, testified that though Bank of America had sold Plaintiff's mortgage loan to Bank of New York Mellon and that the two banks had agreed to leave the record title in Bank of America's name to "conceal the sale" and prevent the foreclosure process from falling under Bank of New York Mellon's name. *See id.* ¶ 8. Golio further testified that while Plaintiff's mortgage loan would "always remain with [Bank of New York Mellon], the loans would stay in the name of the originator." *Id.* ¶ 10 (internal quotation marks omitted). Thus, according to Plaintiff, Bank of America was merely acting as a "strawman" for the Bank of New York Mellon. *Id.* ¶ 9.

Ten years later, during Plaintiff's appellate proceedings before the Third Circuit, the court ordered mediation. *Id.* ¶ 12. The Notice of Assignment specifically required that corporate entities participating in the mediation send a corporate official with "settlement authority" to participate. *Id.* According to plaintiff, Bank of America presented a "documented serial perjurer" who was not a Bank of America employee and who lacked "settlement authority[,]" Chad M. Anderson. *Id.* ¶ 14. Plaintiff alleges that Bank of America's conduct forced plaintiffs to participate in a "sham mediation." *Id.* According to Plaintiff, Anderson has testified in "roughly one thousand court proceedings nationwide to testify to the validity of internal [Bank of America] documents and procedures despite the fact that Anderson had never been an employee of [Bank of America], but rather essentially a rent-a-witness called in to testify falsely when bona fide Bank employees with

internal Compliance oversight would not/could not do so." *Id.* ¶ 35. Plaintiff claims that when she requested an adjournment of the mediation in order to verify Anderson's role with Bank of America, Bettino refused to consent to an adjournment and instead "vouched" for Anderson's role with Bank of America. *Id.* ¶ 36. Bank of America's other attorneys, Defendants McGarry and Chan, of the law firm Goodwin Proctor, also represented to Plaintiff and the mediator that Anderson was a Bank of America employee with "settlement authority." *Id.* ¶¶ 37–39. Accordingly, the mediation proceeded as planned. *See id.*

Plaintiffs allege that Bank of America's conduct was part of the litigation strategy devised and directed by Bettino. *Id.* ¶ 16. Plaintiffs further allege that as a result of the fraudulent statements of Bank of America's attorneys to the Third Circuit mediator, both *Plaintiff* and the *Third Circuit* have suffered damages. *Id.* ¶ 59.

## II.   <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). To assess the plausibility requirement, the reviewing court must accept the factual allegations contained in the complaint as true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Boring v. Google Inc.*, 362 F. App'x 273, 278 (3d Cir. 2010) (citing *Gross v. German Found. Indus. Initiative*, 549, F.3d 605, 610 (3d Cir. 2008)).

In reviewing a motion to dismiss, courts are generally confined to the pleading, matters

incorporated by reference, as well as items subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citation omitted)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III.     DISCUSSION

Defendants have moved to dismiss Plaintiff's First Amended Complaint (ECF No. 29). ECF No. 38.  Plaintiff opposes and seeks leave of the Court to file a second amended complaint. ECF Nos. 42–43.  For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss (ECF No. 38) and deny Plaintiff's Motion for Leave to Amend (ECF No. 42).

### A.  Plaintiff Has Abandoned Counts I & III

As an initial matter, Plaintiff has withdrawn, or abandoned, her claims for fraudulent misrepresentation (Count I) and aiding and abetting fraud (Count III).  ECF No. 43 at 2 ("Plaintiff has withdrawn Count I, . . . and . . . Count III and hereby respectfully seeks to withdraw that Counts [sic].").  Defendants do not object to Plaintiff's decision to abandon the majority of her claims. ECF No. 44 at 2.  Accordingly, these claims will be dismissed.  *See Jackson v. Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").[3]

---

[3] The Court is mindful of the Third Circuit's directive that district courts should not assume that "a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim." *Shuey v. Schwab*, 350 F. App'x 630, 633 (3d Cir. 2009); *see Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to

**B. Defendants' Motion to Dismiss Will Be Granted**

For the reasons set forth below, Defendants' Motion to Dismiss (ECF No. 38) will be granted and Plaintiff's First Amended Complaint will be dismissed. Defendants principally argue that Plaintiff's lawsuit is just another attempt to relitigate the issues raised in Plaintiff's earlier lawsuits against Bank of America. *See* ECF No. 38-2 at 15. Defendants argue that the Court should dismiss Plaintiff's Amended Complaint as barred by the applicable statute of limitations and *res judicata* and otherwise should be dismissed for failure to state a claim. *See id.*

As discussed *supra* at Part A, Counts I and III have been abandoned by Plaintiff. Accordingly, the Court's merits analysis of the Amended Complaint is limited to the last remaining claim for fraud on the court (Count II).

**1. Plaintiff's Remaining Claim is Barred by *Res Judicata***

Defendants argue that Plaintiff's claims are barred by the doctrine of *res judicata* because Plaintiff has already litigated her claims before this Court. ECF No. 38-2 at 15–17. Specifically, Defendants argue that *res judicata* bars Plaintiff's remaining claim for fraud of the court because the 2022 lawsuit was a final judgment on the merits, involved the same parties and their privies, and raised the same causes of action as the instant suit. *Id.*

The legal doctrines of "*res judicata* and collateral estoppel preclude the relitigation of

---

state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule."); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868–70 (3d Cir. 1984) (setting out the factors to be considered when determining whether a to lift a default judgment and/or whether a district court has abused its discretion in dismissing a complaint). Here, the Court need not assume. Plaintiff has explicitly stated that she has withdrawn her fraudulent misrepresentation and aiding and abetting fraud claims. ECF No. 43 at 2. Accordingly, the Court will permit Plaintiff to make the tactical decision to selectively oppose Defendants' Motion to Dismiss only as to her fraud on the court claim. *See Jackson*, 766 F.3d at 198 ("Pleadings are often designed to include all possible claims or defenses, and parties are always free to abandon some of them.").

claims and issues, respectively." *Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 267 (3d Cir. 2025), *cert. denied,* No. 25-834, 2026 WL 795182 (U.S. Mar. 23, 2026).  Both *res judicata* and collateral estoppel refer to "preclusive effect of a judgment" in another case.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Sometimes referred to collectively as "*res judicata,*" both claim preclusion and issue preclusion "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, 533 U.S. at 892 (alteration in original) (citing *Montana v. United States,* 440 U.S. 147, 153–154 (1979)).  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  Whereas issue preclusion bars the relitigation of "an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *Id.* (internal quotation marks omitted) (citing *New Hampshire*, 532 U.S. at 748–49).

The federal requirements for *res judicata* are as follows: (1) "[a] final judgment on the merits in a prior suit;" (2) "[a] subsequent suit based on the same cause of action;" and (3) "[i]nvolvement of the same parties or their privies in both suits."  *Erie Indem. Co.*, 157 F.4th at 277 (citing *Ndungu v. Att'y Gen.*, 126 F.4th 150, 165 (3d Cir. 2025)).  The term, "privity," or "privies" merely refers to the "the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata.*" *Crawford v. Zillmer*, No. 25-CV-4488, 2025 WL 3033900, at *3 (E.D. Pa. Oct. 29, 2025) (Pappert, J.) (quoting *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)).  As relevant here, where the issue of claim

preclusion is raised defensively, or against the plaintiff, "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991).

As an initial matter, the first and third elements of claim preclusion, or *res judicata*, are easily satisfied here. First, there is no question that the 2022 lawsuit resulted in a final judgment on the merits. *See Rubenstein v. Bank of Am., N.A.*, No. 22-CV-4774, 2023 WL 12080943 (E.D. Pa. July 6, 2023) (Robreno, J.), *aff'd sub nom., Rubenstein v. Bank of America NA*, No. 23-2410, 2025 WL 124944 (3d Cir. Apr. 30, 2025), *cert denied sub nom., Rubenstein v. Bank of Am., N.A.*, 146 S. Ct. 369 (2025). That is, Judge Robreno dismissed Plaintiff's complaint with prejudice and denied Plaintiff's motion for reconsideration. *Id.* at *1–2. The Third Circuit affirmed. *Rubenstein*, 2025 WL 1249444, at *4. Finally, the Supreme Court denied certiorari. *Rubenstein*, 146 S. Ct. at 369.

Next, the 2022 lawsuit and the instant suit involved the "same parties or their privies." *Erie Indem. Co.*, 157 F.4th at 277 (citing *Ndungu*, 126 F.4th at 165). Plaintiff's 2022 lawsuit was brought by the same parties. Plaintiff and her husband, Eran Rubenstein, brought the 2022 lawsuit. Plaintiff's husband is also her attorney, and is representing her in the instant lawsuit instead of joining her as a co-plaintiff. The instant lawsuit is also brought against the same defendants as Plaintiff's 2022 lawsuit as well as those defendants' privities. Bank of America was a defendant in the 2022 lawsuit. The remaining named Defendants in the instant lawsuit are Bank of America's *attorneys*. *See* ECF No. 29 ¶¶ 27–29.[4] Therefore, the Court is satisfied that Defendants Bettino,

---

[4] Plaintiff alleges that Bettino is a managing partner for the law firm, Reed Smith. ECF No. 29 ¶ 27. Plaintiff alleges that Chan was "then a junior associate" at the law firm, Goodwin Procter, LLC. *Id.* ¶ 28. Plaintiff alleges that Chan worked directly under McGarry, who was "a senior partner" at Goodwin Procter, LLP. *Id.* ¶ 29.

Chan, and McGary are in privity with Bank of America. *See Haefner v. N. Cornwall Tp.*, 40 F. App'x 656, 657 n.2 (3d Cir. 2002) (concluding that the attorney for a corporate defendant was in privity with the corporate defendant); *see also Zahran v. Frankenmuth Mut. Ins. Co.*, 114 F.3d 1192 (7th Cir. 1997) ("For *res judicata* purposes, a company's employees . . . and attorneys . . . are privies of the company that was a party in the prior suit." (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986)).

The bulk of the Court's analysis, therefore, focuses on the second element of *res judicata*: whether the instant lawsuit is based on the "same cause of action" or not. *See Erie Indem. Co.*, 157 F.4th at 277 (citing *Ndungu*, 126 F.4th at 165). This second element encompasses not only the claims "at were actually resolved in the prior suit but also claims that *could have been brought in the prior suit.*" *Id.* (emphasis added) citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 358 (1876)). The Third Circuit has instructed lower courts applying the doctrine of *res judicata* not to proceed "mechanically," but to instead "focus on the central purpose of the doctrine, [which is] to require a plaintiff to present all claims arising out the same occurrence in a single suit." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (quoting *United States v. Athlone Indus.*, 746 F.3d 977, 983–84 (3d Cir. 1984)); *see Rubinstein*, 2023 WL 12080943, at *1 ("Accordingly, the complaints need not be identical . . . the mere inclusion of a new cause of action in a subsequent complaint will not rescue a lawsuit from res judicata where the underlying events that give rise to the new allegations are essentially the same as those in the earlier action." (quoting *Jarvis v. Analytical Lab. Servs.*, 499 F. App'x 137, 139 (3d Cir. 2012)).

With this instruction in mind, the Court may easily determine that Plaintiff's so-called "fraud on the court" claim is barred by the doctrine of *res judicata*. Plaintiff's complaint in the

2022 lawsuit set forth claims for violations of the racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), quiet title, and declaratory relief. *Rubenstein v. Bank of America, N.A.*, No. 22-CV-4774, ECF No. 42 ("Amended Complaint").  In the 2022 lawsuit, Plaintiffs alleged that the defendants—including Bank of America and Chad Anderson—were part of a RICO enterprise as defined by 18 U.S.C. § 1961(4).  *Id.* ¶ 148.  Plaintiffs alleged that Bank of America and Bank of New York Melon ("BNYM"),

> controlled and directed the affairs of the BANA-BNYM Enterprise and used the other members of the BANA-BNYM Enterprise [including Anderson] as instrumentalities to carry out the fraudulent scheme to fraudulently, systematically and uniformly produce and record false liens in connection with home mortgage loans governed by the Loan Sale & Servicing Agreement and its corrupt amendment. These policies and procedures established by [Bank of America] and BNYM executives including . . . hiring an independent contractor, rather than a requisite "corporate official with settlement authority" to appear at mediation[.]

*Id.* ¶ 151.  Plaintiffs further alleged that as a result of Anderson's allegedly fraudulent participation in the Third Circuit mediation "served to relieve actual [Bank of America] mortgage resolution associates from being tasked to perform work, including testimony, pertaining to the creation and concealment of the false lien scheme.  *Id.* ¶ 123.

However, as discussed, Judge Robreno dismissed the 2022 lawsuit with prejudice on the ground that Plaintiff's RICO claims were barred by *res judicata* because the claims were "essentially re-clothed claims that were previously dismissed by the bankruptcy court, this court,

and the Third Circuit." *Rubenstein*, 2023 WL 12080943, at * 1 n.4 (citation omitted).  Plaintiff's 2022 lawsuit raised the same claims of fraud stemming from the Third Circuit mediation as the instant suit.  Accordingly, Plaintiff may not relitigate this claim again in this Court.

### 2. Plaintiff's Remaining Claim is Also Time Barred

Defendants argue that Plaintiff's claims are also time barred by the applicable statute of limitations.  ECF No. 38-2 at 17–18.  Specifically, Defendants argue that the two-year statute of limitations applicable to fraud claims bars Plaintiff's supposed "fraud on the court" claim.  *Id.* at 18 (citing 42 PA. CONST. STAT. § 5524 (2014)).  The Court agrees.

Even if *res judicata* did not bar Plaintiff's last surviving claim for so-called fraud on the court (Count II), the claim would still fail as time barred.  Under Pennsylvania law, claims based in fraud must be brought within two years.  42 PA. CONST. STAT. § 5524(7) (2014).  As Defendants point out, Plaintiff's fraud on the court claim arises out of the Third Circuit mediation which occurred on May 13, 2021.  ECF No. 29 ¶ 54.  Thus, even on Plaintiff's own allegations, this claim is time barred by the applicable statute of limitations which elapsed in May of 2023.

### C. Plaintiff's Motion for Leave to Amend Will Be Denied as Futile

Plaintiff has moved for leave to file a second amended complaint.  ECF No. 42.  Rule 15 governs amendments to the pleadings in civil suits.  *See* Fed. R. Civ. P. 15.  Plaintiff has already amended her complaint.  *See* ECF Nos. 1, 29.  Therefore, the amendment is governed by Rule 15(a)(2), which provides in relevant part that " a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "[d]istrict courts may deny leave to amend where, *inter alia*, amendment would be futile." *In re Walmart Inc. Sec. Litig.*, 151 F.4th 103, 112 (3d Cir. 2025) (citing *Krantz v. Prudential Invs. Fund. Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir.

2022)).  As relevant here, "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.* (internal quotation marks omitted) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

Upon review, the Court will deny Plaintiff's Motion for Leave to Amend.  First, Defendants have not consented.  *See* ECF No. 44 at 3.  Instead, they oppose Plaintiff's Motion.  *Id.*  Next, amendment would be futile in this case.  As discussed *infra* at Part III(B), Plaintiff's fraud on the court claim is a repackaging of her previous claims for fraud against Bank of America and its employees, attorneys, and associates.  The claim is also time barred under the applicable statute of limitations.  For these reasons, amendment would be futile as no additional allegations would revive the claim.  Plaintiff has had the opportunity to, and has, litigated this claim already.  Accordingly, leave to amend will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 38).  Plaintiff's Amended Complaint (ECF No. 29) will be **DISMISSED with prejudice**.  Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 42) is **DENIED**.  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**